UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN E. ABERNATHY, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>JOHN VAN NATTA, )<br>)<br>Respondent ) | No. 3:06cv0210 AS |

*MEMORANDUM, OPINION AND ORDER*

On or about, this pro se petitioner, Stephen E. Abernathy, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana, filed the within petition seeking relief under 28 U.S.C. §2254. The response filed by the Attorney General of Indiana on August 22, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on September 6, 2006, which this court has carefully examined.

This petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated at the MCF in this district. For the immediate reference, it is desirable to look closely at an unpublished memorandum decision by the Court of Appeals of Indiana entered on November 19, 2004 authored by Judge Viadik and concurred in by Judges Riley and Crone. This case emanated from the Fountain Circuit Court in Covington, Indiana where this petitioner entered a plea

of guilty to sexual misconduct with a minor which is a Class C felony under the law of Indiana. *See* IC 35-42-4-9(b)(1). Judge Susan Orr-Henderson sentenced this petitioner for a term of eight years with the first five years executed, the balance of the sentence to be suspended and placed under the supervision of the West Central Regional Community Corrections Department. It needs to be remembered that this is not a direct common law appeal, but a collateral proceeding authorized by federal law.

There is a considerable discussion in Judge Viadik's opinion for the Court of Appeals with regard to Indiana statutory law regarding the possibility of home detention for a sex offender. The proceedings were remanded to the Fountain Circuit Court for a correction of the sentence. Thereafter, the Fountain Circuit Court on May 18, 2005 re-sentenced this petitioner to eight years with five years executed and three years of supervised probation. Thereafter, on October 18, 2005, this petitioner was charged with a probation violation and a hearing was had in the Fountain Circuit Court, which found that this petitioner had violated the terms of his probation by failing to report and for testing positive on the screen test imposed on a drug screen. An appeal was taken from this decision to the Court of Appeals of Indiana, and according to the filing made on August 22, 2006 just a few days ago, indicated that matter was still under consideration by the Court of Appeals of Indiana.

This petition was filed March 28, 2006, and certainly this petition is entitled to any benefits under *Houston v. Lack,* 487 U.S. 266 (1988), but it is doubtful that would be helpful. The least that can be said about this case in its present posture is that it is premature,

2

understanding there is a requirement that state remedies be exhausted here. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), and much earlier, *Castille v. Peoples*, 489 U.S. 346, *rehrg. den.*, 490 U.S. 1076 (1989). *See also Rose v. Lundy*, 455 U.S. 509 (1982).

It has been cited and this court has looked carefully at *Rhines v. Webber*, 544 U.S. 269 (2005), regarding the narrow circumstances under which a stay can be ordered. It occurs to this court that the best action here is to dismiss without prejudice rather than a stay. This result seems most appropriate in view of the rather scattergun approach taken by this petitioner in his filing of September 6, 2006. It would seem that it would be the better use of time and resources to let the proceedings in the Court of Appeals of Indiana take their course and come to a completion with the possibility that under *O'Sullivan*, the Supreme Court of Indiana might have a chance to see the matter on a petition to transfer to Indiana's highest court.

The dismissal without prejudice is therefore now **ORDERED**. **IT IS SO ORDERED**.

**DATED**: September 12, 2006

                                            S/ ALLEN SHARP
                                        **THE HONORABLE ALLEN SHARP**
                                        **JUDGE, UNITED STATES DISTRICT COURT**